## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Jason Butler,                                 :
                                              :   Case No. 1:19-cv-295
      Plaintiff,                           :
                                              :
vs.                                           :   **ELECTRONICALLY FILED**
                                              :
U.S. Cargo and Carrier Service, LLC.,         :
                                              :
      Defendant.                           :
                                              :

### ANSWER AND DEFENSES TO COMPLAINT

Defendant U.S. Cargo and Courier Service, LLC ("U.S. Cargo") files this Answer and Defenses to the Complaint filed by Plaintiff Jason Butler.

### INTRODUCTION

Each Paragraph of this Answer constitutes U.S. Cargo's Answer to the same numbered paragraph of the Complaint. U.S. Cargo denies each and every allegation of the Complaint not specifically admitted in this Answer.

1. U.S. Cargo admits that Plaintiff purports to bring this lawsuit for statutory and common law violations, as alleged herein, but expressly denies that it has violated any law with respect to Plaintiff and denies the remaining allegations contained in Paragraph 1 of the Complaint.

2. U.S. Cargo denies the allegations contained in Paragraph 2 of the Complaint.

### JURISDICTION AND VENUE

3. U.S. Cargo admits that this Court has federal question jurisdiction over certain of the claims pursued in this action. U.S. Cargo expressly denies that this Court has federal question jurisdiction pursuant to 42 U.S.C. § 12117.

4. This paragraph consists entirely of conclusions of law, to which no responsive pleading is required. To the extent a responsive pleading is required, U.S. Cargo reserves the right to oppose the Court's assertion of supplemental jurisdiction, in whole or in part.

5. U.S. Cargo admits that venue is proper in this Court, but denies any remaining allegations contained in Paragraph 5 of the Complaint.

## PARTIES

### Plaintiff

6. Upon information and belief, U.S. Cargo admits that Plaintiff is an adult individual residing at 8446 Ethan Court, Fairfield, OH 45014, and that Plaintiff provided delivery services from time to time as a contractor to U.S. Cargo, but denies the proposed time period in which he provided services. U.S. Cargo denies any remaining allegations contained in Paragraph 6 of the Complaint.

7. U.S. Cargo admits that Plaintiff is a both a former employee of U.S. Cargo, and a former contractor to U.S. Cargo. U.S. Cargo denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. U.S. Cargo admits the allegations contained in Paragraph 8 of the Complaint.

9. U.S. Cargo denies the allegations contained in Paragraph 9 of the Complaint.

10. The allegations in Paragraph 10 refer to publicly available information to which no responsive pleading is required and denies those allegations except in so much as the allegations of Paragraph 10 refer to documents that speak for themselves and U.S. Cargo refers the Court to those documents. By way of further response, U.S. Cargo lacks knowledge or information sufficient to respond to the allegations of Paragraph 10 of the Complaint regarding "Dannie" and denies those allegations. U.S. Cargo denies any remaining allegations in Paragraph 10 of the Complaint.

11.    The allegations in Paragraph 11 refer to publicly available information to which no responsive pleading is required and denies those allegations except in so much as the allegations of Paragraph 11 refer to documents that speak for themselves and U.S. Cargo refers the Court to those documents.    By way of further response, Paragraph 11 of the Complaint contains a conclusion of law to which no responsive pleading is required.    To the extent a responsive pleading is required, U.S. Cargo denies the allegations contained in Paragraph 11 of the Complaint.    Further, U.S. Cargo lacks knowledge or information sufficient to respond to the allegations of Paragraph 11 of the Complaint regarding "Dannie" and denies those allegations. U.S. Cargo denies any remaining allegations in Paragraph 11 of the Complaint.

## FACTS

12.    U.S. Cargo reasserts and reincorporates all of its responses to Paragraphs 1 through 11 as if fully rewritten herein.

13.    U.S. Cargo denies the allegations contained in Paragraph 13 of the Complaint.

14.    U.S. Cargo denies the allegations contained in Paragraph 14 of the Complaint.

15.    U.S. Cargo denies the allegations contained in Paragraph 15 of the Complaint.

16.    U.S. Cargo denies the allegations contained in Paragraph 16 of the Complaint.

17.    U.S. Cargo denies the allegations contained in Paragraph 17 of the Complaint.

18.    U.S. Cargo admits the allegations contained in Paragraph 18 of the Complaint.

19.    U.S. Cargo denies the allegations contained in Paragraph 19, including the allegations contained in the subparagraph of Paragraph 19, of the Complaint.

20.    U.S. Cargo admits that Plaintiff signed one or more independent contractor agreements with U.S. Cargo.    U.S. Cargo denies any remaining allegations contained in Paragraph 20 of the Complaint.

21. U.S. Cargo admits that Plaintiff was engaged as an independent contractor to provide delivery services from time to time for U.S. Cargo. U.S. Cargo denies any remaining allegations contained in Paragraph 21 of the Complaint.

22. U.S. Cargo denies the allegations contained in Paragraph 22, including all subparagraphs of Paragraph 22, of the Complaint.

23. U.S. Cargo denies the allegations contained in Paragraph 23 of the Complaint.

24. U.S. Cargo denies the allegations contained in Paragraph 24 of the Complaint.

25. U.S. Cargo denies the allegations contained in Paragraph 25 of the Complaint.

26. U.S. Cargo denies the allegations contained in Paragraph 26 of the Complaint.

27. U.S. Cargo denies the allegations contained in Paragraph 27 of the Complaint.

28. U.S. Cargo admits that it developed an algorithm to calculate base route pay. U.S. Cargo expressly denies that it "set" or "determined" the route that Plaintiff was able to service within his territory. U.S. Cargo denies any remaining allegations contained in Paragraph 28 of the Complaint.

29. U.S. Cargo denies the allegations contained in Paragraph 29 of the Complaint.

30. U.S. Cargo denies the allegations contained in Paragraph 30 of the Complaint.

31. U.S. Cargo denies the allegations contained in Paragraph 31 of the Complaint.

32. U.S. Cargo denies the allegations contained in Paragraph 32 of the Complaint.

33. U.S. Cargo denies the allegations contained in Paragraph 33 of the Complaint.

34. U.S. Cargo denies the allegations contained in Paragraph 34 of the Complaint.

35. U.S. Cargo denies the allegations contained in Paragraph 35 of the Complaint.

## CLAIMS FOR RELIEF

### DENIAL OF COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT ("FLSA")

36.    U.S. Cargo reasserts and reincorporates all of its responses to Paragraphs 1 through 35 as if fully rewritten herein.

37.    Paragraph 37 of the Complaint contains conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, U.S. Cargo denies the allegations contained in Paragraph 37 of the Complaint.

38.    U.S. Cargo denies the allegations contained in Paragraph 38 of the Complaint.

39.    U.S. Cargo denies the allegations contained in Paragraph 39 of the Complaint. By way of further response, U.S. Cargo denies Plaintiff's use of "Defendants" in the plural form.

40.    U.S. Cargo denies the allegations contained in Paragraph 40 of the Complaint. By way of further response, U.S. Cargo denies Plaintiff's use of "Defendants" in the plural form.

41.    U.S. Cargo denies the allegations contained in Paragraph 41 of the Complaint.

42.    U.S. Cargo denies the allegations contained in Paragraph 42 of the Complaint.

43.    U.S. Cargo denies the allegations contained in Paragraph 43 of the Complaint. By way of further response, Paragraph 43 of the Complaint contains a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, U.S. Cargo denies the allegations contained in Paragraph 43 of the Complaint.

44.    U.S. Cargo denies the allegations contained in Paragraph 44 of the Complaint.

45.    U.S. Cargo denies the allegations contained in Paragraph 45 of the Complaint.

## DENIAL OF COUNT II
## OVERTIME VIOLATIONS OF THE OHIO WAGE ACT

46. U.S. Cargo reasserts and reincorporates all of its responses to Paragraph 1 through 45 as if fully rewritten herein.

47. Paragraph 47 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, U.S. Cargo denies the allegations in Paragraph 47 of the Complaint.

48. U.S. Cargo denies the allegations contained in Paragraph 48 of the Complaint. By way of further response, U.S. Cargo denies Plaintiff's use of "Defendants" in the plural form.

49. U.S. Cargo admits that Plaintiff was not paid overtime wages and expressly denies that Plaintiff was entitled to any overtime compensation. U.S. Cargo denies the remaining allegations contained in Paragraph 49 of the Complaint.

50. U.S. Cargo admits that Plaintiff was not paid overtime wages and expressly denies that Plaintiff was entitled to overtime compensation. U.S. Cargo denies the remaining allegations contained in Paragraph 50 of the Complaint.

51. U.S. Cargo denies the allegations contained in Paragraph 51 of the Complaint. By way of further response, Paragraph 51 contains conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, U.S. Cargo denies the allegations contained in Paragraph 51 of the Complaint.

52. U.S. Cargo denies the allegations in Paragraph 52 of the Complaint.

53. Paragraph 53 of the Complaint contains conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, U.S. Cargo denies the allegations contained in Paragraph 53 of the Complaint.

54. U.S. Cargo denies the allegations contained in Paragraph 54 of the Complaint.

## DENIAL OF COUNT III
## VIOLATION OF THE OPPA

55.   U.S. Cargo reasserts and reincorporates all of its responses to Paragraphs 1 through 55 as if fully rewritten herein.

56.   U.S. Cargo denies the allegations contained in Paragraph 56 of the Complaint.   By way of further response, U.S. Cargo denies Plaintiff's use of "Defendants" in the plural form.

57.   Paragraph 57 of the Complaint contains conclusions of law to which no responsive pleading is required.   To the extent a responsive pleading is required, U.S. Cargo denies the allegations contained in Paragraph 57 of the Complaint.

58.   U.S. Cargo denies the allegations contained in Paragraph 58 of the Complaint.

59.   U.S. Cargo denies the allegations contained in Paragraph 59 of the Complaint.

60.   U.S. Cargo denies the allegations contained in Paragraph 60 of the Complaint.

## DENIAL OF COUNT IV
## UNJUST ENRICHMENT

61.   U.S. Cargo reasserts and reincorporates all of its responses to Paragraphs 1 through 60 as if fully rewritten herein.

62.   U.S. Cargo denies the allegations contained in Paragraph 62 of the Complaint.   By way of further response, U.S. Cargo denies Plaintiff's use of "Defendants" in the plural form.

63.   U.S. Cargo denies the allegations contained in Paragraph 63 of the Complaint.   By way of further response, U.S. Cargo denies Plaintiff's use of "Defendants" in the plural form.

64.    U.S. Cargo denies the allegations contained in Paragraph 64 of the Complaint.   By way of further response, U.S. Cargo denies Plaintiff's use of "Defendants" in the plural form.

65.   U.S. Cargo denies the allegations contained in Paragraph 65 of the Complaint.   By way of further response, U.S. Cargo denies Plaintiff's use of "Defendants" in the plural form.

## DENIAL OF COUNT V
## CONSTRUCTIVE TRUST AND OTHER EQUITABLE RELIEF

66. U.S. Cargo reasserts and reincorporates all of its responses to Paragraphs 1 through 65 as if fully rewritten herein.

67. U.S. Cargo denies the allegations contained in Paragraph 67 of the Complaint.

## DENIAL OF RELIEF

U.S. Cargo denies that Plaintiff is entitled to any of the relief requested in the Prayer for Relief and respectfully submits that this Complaint should be dismissed with prejudice, with fees and costs awarded to U.S. Cargo.

U.S. Cargo denies each and every allegation not specifically admitted herein.

## OTHER DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's Complaint, and each claim therein, fails to state facts sufficient for recovery of attorneys' fees or other litigation expenses.

3. U.S. Cargo was never Plaintiff's "employer" under any applicable law and Plaintiff was, at all times, engaged as an independent contractor.

4. Plaintiff was not an "employee" under any applicable law (including but not limited to the FLSA) and was, at all times, engaged as an independent contractor.

5. To the extent punitive/liquidated/exemplary damages are even available as a remedy for Plaintiff's claims (and U.S. Cargo maintains that any such damages are not available in this case), any claims for punitive/liquidated/exemplary damages must be denied because U.S. Cargo did not willfully violate any law with respect to its treatment of Plaintiff, and any actions taken by U.S. Cargo regarding Plaintiff were taken in good faith, and not taken wantonly, with malice, in bad faith and/or with reckless indifference.

6. Plaintiff's alleged damages are speculative and remote.

7. Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of waiver, estoppel, laches, and/or unclean hands.

8. Some or all of Plaintiffs' claims are barred by his failure to comply with the statutory or administrative prerequisites.

9. Plaintiff's claim for violation of the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15, is facially defunct because the OPPA does not apply to disputed wages.

10. Any award of punitive damages would be grossly excessive and would violate the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

11. Some or all of Plaintiff's claims are subject to the provisions of the Ohio Tort Reform Act, O.R.C. § 2315.18, et seq., including but not limited to the provision regarding bifurcation of punitive damages claim and evidence regarding alleged punitive damages.

12. Plaintiff's claims for compensatory damages are subject to the limitations of O.R.C. § 2315.18.

13. Any award of punitive damages would be inappropriate and unconstitutional because U.S. Cargo has not engaged in any intentional, willful, or malicious conduct toward Plaintiff, and because any actions U.S. Cargo took regarding Plaintiff were in good faith in accordance with U.S. Cargo's internal policies and not taken wantonly or with malice, bad faith, or reckless indifference.

14. Plaintiff's claims for punitive damages, to the extent they are even available (and U.S. Cargo denies that they are), are subject to the limitations of O.R.C. § 2315.21.

15. Plaintiff's claims are barred due to Plaintiff's misrepresentation(s) and/or his failure to disclose material facts.

16. Plaintiff's purported claims are barred in whole or in part because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of any state or federal law.

17. Plaintiff's allegations are barred by the applicable statutory limitations periods.

18. Plaintiff has failed to mitigate recoverable damages, if any.

19. Any injury, damage or loss which may have been sustained by Plaintiff was proximately caused by his own misconduct and not by any act or omission of U.S. Cargo. Alternatively, because Plaintiff's own misconduct is greater than any act or omission of U.S. Cargo, any amount which Plaintiff might be entitled to recover against U.S. Cargo must be reduced by the amount of damages attributable to Plaintiff's own misconduct.

20. Plaintiff is not entitled to recover the equitable relief he seeks because an adequate remedy at law exists. Furthermore, Plaintiff has not alleged, and cannot prove, any immediate irreparable injury.

21. U.S. Cargo claims all of the defenses, rights, and immunities afforded under Ohio Revised Code Chapter 4112.

22. U.S. Cargo is not a covered "employer" for purposes of any applicable law, including but not limited to the FLSA or Ohio Revised Code Chapters 4111 or 4112.

23. Some or all of Plaintiff's claims are barred by the doctrine of accord and satisfaction.

24. To the extent U.S. Cargo can be deemed Plaintiff's employer under applicable

10

law, Plaintiff was exempt from the minimum wage and overtime requirements under the FLSA and/or Ohio law.

25.     Some or all of Plaintiff's claims are barred to the extent that U.S. Cargo lacked actual or constructive knowledge of the hours he claims to have worked on behalf of U.S. Cargo.

26.     Some or all of Plaintiff's claims are barred to the extent that U.S. Cargo relied on written administrative regulations, orders, rulings and interpretations.

27.     Plaintiff's claims are barred, in whole or in part, by applicable statutory exemptions and exclusions.

28.     Plaintiff's claims for relief are barred to the extent the requested remedies are beyond those allowed by applicable law.

29.     To the extent Plaintiff is entitled to any damages, Plaintiff's damages must be offset by amounts already paid to him.

30.     Some or all of Plaintiff's claims are barred by the doctrines of issue and/or claim preclusion.

31.     Because the Complaint is couched in conclusory terms, U.S. Cargo cannot fully anticipate all affirmative defenses that may be applicable to this action.     Accordingly, the right to assert additional affirmative defenses, if any, and to the extent that such affirmative defenses are applicable, is hereby reserved.

WHEREFORE, U.S. Cargo respectfully requests that this Honorable Court deny all of the relief sought in Plaintiff's Complaint, dismiss the Complaint, and enter a judgment of no cause of action against Plaintiff, and grant U.S. Cargo its costs and attorneys' fees reasonably incurred in defending this action.

Respectfully submitted,

*/s/ Jeffrey N. Lindemann*
Jeffrey N. Lindemann (0053073)
FROST BROWN TODD LLC
10 West Broad Street, Suite 2300
Columbus, Ohio 43215
Telephone: (614) 464-1211
jlindemann@fbtlaw.com

Chalyn M. Kaufman (*pro hac vice*)
James F. Glunt (*pro hac vice*)
Reed Smith LLP
225 Fifth Avenue
Pittsburgh, PA  15222
Telephone: (412) 288-3179/4121
jglunt@reedsmith.com

*Counsel for Defendant*

Dated:    June 24, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel or parties of record electronically by CM/ECF.

/s/ Jeffrey N. Lindemann
Jeffrey N. Lindemann  (0053073)